UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Herman Clayton Burdette, Jr., Plaintiff, | ) | C/A No. 6:26-cv-02938-MGL-WSB |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Jared Attwood, Sean Jackson, Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants violated Plaintiff's rights under the United States Constitution. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("the Detention Center"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, Plaintiff's claims are subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. By Order dated September 3, 2026, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 10. The Court gave Plaintiff 21 days to file an amended complaint to cure the identified deficiencies of the Complaint. *Id.* at 9–10. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified herein, this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 10 (emphasis omitted). Plaintiff did not file an amended complaint, and the period to file an amended complaint has expired.

Plaintiff makes the following allegations in the Complaint. ECF Nos. 1, 1-2. Plaintiff contends Defendants violated Plaintiff's rights under the Fourteenth Amendment Due Process Clause by fabricating evidence. ECF No. 1-2 at 1. Plaintiff contends Plaintiff was involved in a "hit and run" vehicle collision on July 7, 2025. *Id.* at 2. Plaintiff's "friend"[1] was driving the vehicle "[d]ue to Plaintiff's drinking[.]" *Id.* After the collision, Plaintiff's "friend" drove the vehicle into the parking lot of a carwash to assess the vehicle damage, and "law enforcement" arrived about ten minutes later. *Id.* Plaintiff was taken to the Fountain Inn Police Department station. *Id.* Plaintiff was questioned, and, after "several minutes or hours," Plaintiff was taken to a vehicle and boat, where Plaintiff was handcuffed and taken to the Detention Center. *Id.* Plaintiff alleges "Plaintiff was arrested without warrants and [was] never ... arraigned." *Id.*

Plaintiff alleges that Defendant Jared Attwood ("Attwood") coached and coerced Plaintiff's co-defendant in the criminal case to make a false statement of the event and fabricated video footage to make it look as if Plaintiff committed the alleged crime. *Id.* at 1. Plaintiff also alleges that Defendants conspired with each other to commit a crime and blame it on Plaintiff. *Id.* Plaintiff further claims that Defendants fabricated various pieces of evidence in a scheme to "scam the plaintiff for his assets." *Id.* For the injuries, Plaintiff asserts a loss of liberty, life, and property while incarcerated; loss of life with family; and loss of assets seized. ECF No. 1 at 6. Plaintiff seeks to "remove" fabricated evidence, to have a probable cause hearing, and to receive money damages. *Id.*

---

[1] Plaintiff used quotation marks when mentioning this "friend." ECF No. 1-2 at 2.

**Plaintiff's State Court Charges**

The Court takes judicial notice[2] that Plaintiff has been charged with the following crimes that are pending in the Greenville County Court of General Sessions: (1) attempted murder at case number 2025A2320200251 (indictment number 2026GS2300319); (2) possession of a weapon during a violent crime at case number 2025A2320200252 (indictment number 2026GS2300319); and (3) attempted murder at case number 2025A2320200256 (indictment number 2026GS2300318). *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://www2.greenvillecounty.org/scjd/publicindex/ (enter Plaintiff's name and case numbers listed above) (last visited Oct. 1, 2026).

## STANDARD OF REVIEW

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is

justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Balt. City State's Attorneys Off.*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the *pro se* complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the *pro se* complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United

States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## <u>ANALYSIS</u>

The claims presented in the Complaint are subject to dismissal for the reasons below.

**No Personal Allegations Against Sean Jackson**

Defendant Sean Jackson ("Jackson") is entitled to dismissal because Plaintiff makes no substantive factual allegations against Jackson in the Complaint. *See Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). In a paragraph titled "Sean Jackson," Plaintiff generally asserts that Defendants conspired with each other to commit a crime and blame it on Plaintiff and fabricated evidence in a scheme to take away Plaintiff assets. ECF No. 1-2 at 1. However, Plaintiff does not present any specific allegations against Jackson. Without substantive allegations of wrongdoing against Jackson, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against Jackson. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in *forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 389 n.2 (4th Cir. 1990). Accordingly, Plaintiff fails to state a claim for relief against Jackson.

**Failure to State a Claim**[3]

Liberally construed, the Complaint appears to assert claims for (1) malicious prosecution, false arrest, and false imprisonment; and (2) deprivation of Plaintiff's personal property. ECF Nos. 1 at 6, 1-2 at 1. Plaintiff's allegations are insufficient to establish these claims for the reasons below, and the Court will address each of these claims in turn.

***Unlawful Arrest and False Imprisonment***

This action appears to be premised on Plaintiff's assertions that Plaintiff was wrongfully arrested and is being falsely imprisoned. Despite Plaintiff's references to the Fourteenth Amendment, Plaintiff's allegations are construed as asserting violations of the Fourth Amendment for an unlawful search and seizure resulting in the arrest. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"); *see also Evans v. Chalmers*, 703

[3] Plaintiff's allegations request relief which would require this Court intervene in Plaintiff's state criminal charges, which would implicate *Younger* abstention. *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (noting that a federal court should not interfere with state criminal proceedings aside from "the most narrow and extraordinary of circumstances" (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). However, because Plaintiff's claims are "plainly barred" for other reasons, the undersigned will not address *Younger* abstention and instead notes Plaintiff's claims are subject to dismissal for failure to state a claim. *See Nivens v. Gilchrist*, 444 F.3d 237, 248–50 (4th Cir. 2006).

F.3d 636, 646 n.2 (4th Cir. 2012) ("Because the Fourth Amendment provides 'an explicit textual source' for § 1983 malicious prosecution claims, the Fourteenth Amendment provides no alternative basis for those claims." (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion))).

Under § 1983, a public official cannot be charged with false arrest when a defendant is arrested pursuant to a facially valid warrant. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (finding no Fourth Amendment violation when an arrest is based on probable cause); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–83 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Furthermore, "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal citation and quotation marks omitted).

To state a malicious prosecution claim, Plaintiff must allege that Plaintiff was (1) seized pursuant to legal process not supported by probable cause and (2) that the criminal proceedings terminated in his favor. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996); *see Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561–64 (2024) (holding that a malicious prosecution claim can succeed when there is a baseless charge accompanied by a valid charge). As to the favorable termination element, the United States Supreme Court explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022).

Here, it is unclear what claims Plaintiff asserts under the Fourth Amendment's "Unreasonable Search and Seizure Clause." ECF No. 1 at 4. Presumably in support of such claim(s), Plaintiff contends that Attwood coached and coerced a witness to make a false statement, and Defendants fabricated evidence to deprive Plaintiff of assets. ECF No. 1-2 at 1. Regardless of whether Plaintiff alleges a malicious prosecution, false arrest, or false imprisonment claim, such claims are subject to summary dismissal. Plaintiff cannot meet the elements of these claims because a grand jury indicted Plaintiff on all three charges and Plaintiff has not alleged a favorable termination on the charges. To the contrary, Plaintiff remains incarcerated on the charges for which Plaintiff complains and seeks relief related to the pending criminal charges. *See Thompson v. Clark*, 596 U.S. 36, 39, 44 (2022) (noting that a Fourth Amendment claim requires showing a "favorable termination of the underlying criminal prosecution"); *see also* Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (enter Plaintiff's name and 2025A2320200251, 2025A2320200252, and 2025A2320200256) (last visited Oct. 1, 2026). Plaintiff's assertions are insufficient to state claims for malicious prosecution, false arrest, or false imprisonment. As such, Plaintiff's Fourth Amendment claims are subject to summary dismissal for failure to state a claim.

***Deprivation of Personal Property***

Plaintiff alleges that someone "SEIZED ALL ASSETS." ECF No. 1 at 6. The United States Supreme Court has explicitly recognized that deprivations of personal property do not rise to the level of a constitutional violation so long as there are adequate state law post-deprivation remedies. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008) (holding that deprivations of personal property are not constitutional violations so long as there are post-deprivation remedies). South Carolina law provides post-

deprivation procedures to secure the return of personal property or to compensate for the loss. *See, e.g.*, *Drake v. Brown*, C/A No. 6:09-cv-1449-JFA-WMC, 2009 WL 1749375, at *2 (D.S.C. June 22, 2009) (citing *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding South Carolina's post-deprivation remedy under S.C. Code Ann. § 15-69-10, *et seq.* sufficient to satisfy due process requirements)). As such, Plaintiff cannot pursue deprivation of property claims in this court.

***Any Other Claims***

To the extent Plaintiff intended to assert any other claim not addressed above, the allegations fail to state a claim for relief as Plaintiff does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim ...." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that all claims be **DISMISSED** from this action *with prejudice*, without further leave to amend, and without issuance and service of process because Plaintiff failed to cure the deficiencies identified in the Order issued September 3, 2026.[4] *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

October 1, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

[4] That Order warned Plaintiff that failure to cure the deficiencies identified therein would cause the undersigned to recommend to the District Court that Plaintiff's claims should be dismissed without leave for further amendment. ECF No. 10 at 10.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).